# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMIR H. BIGDELI,
      Appellant,

    v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
PH-0752-18-0300-I-1

DATE: December 21, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amir H. Bigdeli, Cream Ridge, New Jersey, pro se.

David S. Castro and Daniel C. Carleton, Joint Base
   McGuire-Dix-Lakehurst, New Jersey, for the agency.

Hillary A. H. Spadaccini, Esquire, Lakehurst, New Jersey, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of the agency's indefinite suspension action as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis of the mootness issue, we AFFIRM the initial decision.

## BACKGROUND

The appellant held a Mechanical Engineer position with the agency. Initial Appeal File (IAF), Tab 1 at 1, 17, 21. Effective March 17, 2015, the agency suspended the appellant's access to classified information and his eligibility for assignment to a sensitive position. *Id.* at 15. The next day, he was placed on administrative leave. *Id.* at 7. In a March 13, 2018 letter, the agency proposed converting the appellant's non-duty, pay status to an indefinite suspension without pay. *Id.* at 17-18. In an April 2, 2018 letter, the agency decided to indefinitely suspend the appellant pending the adjudication of his security clearance case, effective April 9, 2018. *Id.* at 21-22.

The appellant appealed the indefinite suspension action to the Board, and he requested a hearing. *Id.* at 1-8. He did not raise any affirmative defenses. *Id.*; IAF, Tab 6, Initial Decision (ID) at 2 n.*. The agency filed a motion to dismiss the appeal as moot because it had rescinded the indefinite suspension action. IAF, Tab 4 at 4-6. The agency included a May 17, 2018 letter informing the

appellant that the April 2, 2018 decision to impose the indefinite suspension was being rescinded and that, "As a result of this action, you will be returned to a paid administrative leave status effective immediately. Your administrative leave status shall also be retroactive back to 9 April 2018." *Id.* at 15. The letter further stated that a new decision on the proposed indefinite suspension would be forthcoming. *Id.* Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal as moot. ID at 1-2.

The appellant filed a petition for review asserting that he has not received any pay and that the agency has reinstated his indefinite suspension. Petition for Review (PFR) File, Tab 1 at 1-7.[2] The agency filed a response opposing the petition for review and claiming that his back pay is being processed.[3] PFR File, Tab 4 at 4-9. The Office of the Clerk of the Board issued an Order that ordered both parties to provide evidence addressing whether the appellant has received any pay and, if so, whether he has received the appropriate amount of pay and whether he has been paid for the appropriate time period. PFR File, Tab 6 at 2. The agency has filed multiple submissions in response. PFR File, Tabs 7, 11-12. The appellant has not filed a response.

---

[2] The appellant included a copy of the rescission letter that already is part of the record before the administrative judge. PFR File, Tab 1 at 20; IAF, Tab 4 at 15. He also included documentation concerning his discovery request. PFR File, Tab 1 at 17-19. To the extent the appellant is raising a discovery issue, his failure to file a motion to compel discovery precludes him from raising this issue for the first time on review. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). Further, the appellant submitted a copy of a May 25, 2018 letter deciding to indefinitely suspend him effective the same date. PFR File, Tab 1 at 21-22. As discussed below, we find that the agency's new indefinite suspension action is immaterial to the outcome of this appeal.

[3] The agency included documentation that already is part of the record. PFR File, Tab 4 at 13-14, 16-23, 25; IAF, Tab 1 at 15-16, Tab 4 at 7-15. The agency also submitted a copy of the May 25, 2018 indefinite suspension action. PFR File, Tab 4 at 26-27. The agency's remaining documentation that it submitted for the first time on review is not relevant to the dispositive mootness issue. PFR File, Tab 4 at 10-12, 15, 24.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The agency has provided sufficient evidence on review to dismiss this appeal as moot.

The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board, and an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed. *Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010). When an agency cancels or rescinds an action after the action has been appealed, the Board may dismiss the appeal as moot. *Id.* For an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Id.* An agency's expression of its intent to provide such relief is not sufficient to establish that the appeal is moot. *Id.* An appeal is not truly moot until all appropriate relief has been provided. *Id.*

Here, if the appellant had prevailed in this appeal, he could have been retroactively returned to a non-duty, pay status, effective April 9, 2018. IAF, Tab 4 at 13-15; *see Sherrod v. Department of the Navy*, 90 M.S.P.R. 347, ¶¶ 16-18 (2001) (finding that the appellant's removal appeal was properly dismissed as moot when he was returned to the status quo ante in an approved leave status). The record before the administrative judge does not contain evidence showing that the agency actually provided the appellant with such relief. Thus, the appeal was not moot when the administrative judge issued the initial decision. *See Haskins v. Department of the Navy*, 106 M.S.P.R. 616, ¶ 22 (2007) (holding that an appeal may not be dismissed as moot until the agency provides acceptable evidence showing that it has actually afforded the appellant all of the relief that he could have received if the matter had been adjudicated and he had prevailed). We modify the initial decision to clarify that, although the appeal was not moot at the time the initial decision was issued, the agency has provided

sufficient evidence on review to dismiss this appeal as moot. *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010) (observing that the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding).

Specifically, the agency has submitted a Standard Form 50 (SF-50) documenting the appellant's new indefinite suspension, effective May 25, 2018, and an SF-50 documenting his retirement, effective the same date. PFR File, Tab 7 at 48-49. Thus, the back pay period is from April 9 through May 25, 2018. The agency has submitted argument and evidence indicating that, on March 22, 2019, the Defense Finance and Accounting Service (DFAS) paid the appellant $8,967.38 for "net-special pay." PFR File, Tab 11 at 5, 7-10. The agency further claims that, on March 22, 2019, DFAS paid the appellant $918.25 for annual leave accrued during the back pay period and that, on April 19, 2019, DFAS issued a $795.57 interest payment to him. PFR File, Tab 12 at 4 & n.1. The agency's assertions are consistent with its submission of a breakdown by DFAS of the appellant's back pay for the pay periods that ended on April 14 through May 26, 2018. *Id.* at 6. The DFAS breakdown shows that the total net amount of back pay is $10,681.20, consisting of $9,885.63 of net back pay and $795.57 of interest on the gross back pay.[4] *Id.* The appellant has not disputed the agency's arguments and evidence despite being advised in the Order that his failure to respond to the Order may be deemed an admission by him that he has received all of the pay that he could have received if he had prevailed before the Board on this appeal. PFR File, Tab 6 at 2. Based on the agency's submissions on review, and in the absence of any argument from the appellant that the agency still has not provided all the relief to which he is entitled, we find that the appeal is moot.[5]

---

[4] It appears that the $9,885.63 net back pay consists of the alleged $918.25 amount for annual leave and the $8,967.38 "net-special pay." PFR File, Tab 11 at 7, Tab 12 at 4 n.1, 6.

[5] The agency's new indefinite suspension action does not preclude dismissing this appeal as moot. The administrative judge mischaracterized the rescission letter as

Accordingly, we affirm the dismissal of this appeal as moot.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the

_____

stating that the appellant would be placed on administrative leave with pay pending resolution of a security clearance issue. ID at 2. The rescission letter clearly informed the appellant that a new decision on the proposed indefinite suspension would be forthcoming. IAF, Tab 4 at 15. Accordingly, the appellant was not entitled to be placed on administrative leave pending the resolution of his security clearance case.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.